

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable S. T. Denny
County Auditor
Houston County
Crockett, Texas

Dear Sir:

> Opinion No. O-2728
> Re: The legal duty and authority
> of the commissioners' court with
> reference to advertising for and
> receiving bids in connection
> with the sale of county and road
> district bonds.

Your recent request for an opinion of this Department upon the questions as are herein stated has been received.

We quote from your letter as follows:

"Please advise the legal duty and authority of the Commissioners Court with reference to advertising for and receipt of bids in connection with the sale of County and Road District Bonds.

"Should the Commissioners Court fail to meet all legal requirements as outlined in your opinion on the above question what are the legal duties and authority of the County Auditor?"

Article 752a, Vernon's Annotated Civil Statutes, reads as follows:

"Any county, or any political subdivision of a county, or any road district that has been or may hereafter be created by any general or special law, is hereby authorized to issue bonds for the purpose of the construction, maintenance, and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, in any amount not

to exceed one-fourth of the assessed valuation of the real property of such county or political subdivision or road district, and to levy and collect ad valorem taxes to pay the interest on such bonds and provide a sinking fund for the redemption thereof. Such bonds shall be issued in the manner hereinafter provided, and as contempleted and authorized by Section 52, of Article 3, of the Constitution. The term 'political subdivision' as used in this Act, shall be construed to mean any commissioners precinct or any justice precinct of a county, now or hereafter to be created and established."

Article 752j, Vernon's Annotated Civil Statutes, provides "after approval and registration as provided by law relative to other bonds, such bonds shall continue in the custody and control of the commissioners' court in the county in which they were issued, and shall be by said court sold to the highest and best bidder for cash, either in whole or in parcels, but not less than their par value, and the purchase money therefore shall be placed in the county treasurer for such county to the credit of the available road fund of such county, or of such political subdivision or road district of such county, as the case may be."

When any number of adjoining counties within this State issue bonds as authorized by Article 778a, Vernon's Annotated Civil Statutes, and the procedure as set out in Articles 778b-778p, inclusive, the commissioners' courts of the counties embraced in such district, at a joint meeting held in the county having the largest number of inhabitants, as shown by the last Federal census, shall advertise such bonds for sale, and the advertisements or notice of such proposed sale shall be published in the newspaper of general circulation published in the district, one time, and at least ten days before the time fixed for such sale, as required by Article 778k, Vernon's Annotated Civil Statutes.

Article 778k, supra, applies only to districts comprising two or more counties contiguous to each other and does not apply to the sale of county and road district bonds composed of only one county or a political subdivision thereof as specified in the statute.

It will be noted that Article 752j, supra, requires that the commissioners' court shall sell the bonds to the highest and best bidder for cash, either in whole or in parcels, at not less than their par value. However, this statute does not require the commissioners' court to advertise

said bonds for sale.

The only duty imposed upon the commissioners' court with reference to county and road district bonds issued under Articles 752a-752y, inclusive, are, as above stated, that the commissioners' court shall sell said bonds to the highest and best bidder for cash at not less than the par value of the bonds.

With reference to your second question, it must be presumed that the commissioners' court will do its legal duty with reference to the sale of county and road district bonds, and until it is shown that the court has failed to do its duty with reference to the same, your second question is premature. Therefore, it is not necessary to answer the same.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:BBB:jl

APPROVED
OPINION
COMMITTEE
By /s/ BWB
CHAIRMAN